IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| U. S. CYBERTRONICS, INC.,<br><br>    Plaintiff,<br><br><br><br>vs.<br><br><br>MONARCH INTERNATIONAL HOLDING, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S OBJECTION TO ORDERS AND FOR SANCTIONS AND PLAINTIFF'S MOTION FOR ATTORNEY FEES<br><br><br><br>Case No. 2:05-CV-48 TS |

    This matter is before the Court on Defendants' Motion to Strike Plaintiff's Objection and for Sanctions, and Plaintiff's Motion for Attorney Fees.

    Plaintiff opposes Defendants' Motion to Strike its Objection on the grounds that it never properly filed its Objection.  The Court will deny the Motion to Strike as moot and deny all pending requests for attorney fees.

1

The rules of this district applicable at the time of the filing of the Objection[1] required that an "original and a copy of all motions must be filed with the clerk of court, or presented to the court during proceedings, . . . "[2]

On or about April 28, 2005, Plaintiff faxed to chambers and to Defendants' counsel a document with the heading of this case and entitled "Objection to Orders, Request for Judicial Review & Motion for Rule 60(b) Relief from Judgments/Orders; Request for Award of Attorney Fees & for Order Demanding 'Payment in Full' for Recently-Delivered Server & All Work Performed on Said Server & On the GearJockey.com Project" (hereinafter Objection/Rule 60(b) Motion). Shortly thereafter, Plaintiff's counsel was contacted by chambers staff and reminded of the requirement that motions be filed with the clerk of court. Despite the reminder, Plaintiff did not file the Objection and Rule 60(b) Motion.

On May 9, 2005, Defendants filed their Motion to Strike Plaintiff's Objection to Orders, Etc. and for Sanctions (Motion to Strike).[3] The Motion to Strike sought to strike the Rule 60(b) Motion because it did not comply with the local rule requiring that motions contain a succinct statement of the grounds for relief and be accompanied by a supporting memorandum. The Motion to Strike also sought sanctions including attorney fees and costs incurred in filing the Motion to Strike.

---

[1] Attorneys are now able to file documents electronically. *See* District of Utah CM/ECF Administrative Procedures Manual.

[2] DUCivR 7-1(a). See also Fed.R.Civ.P. 5(d) ("all papers . . required to be served upon a party . . . must be filed with court within a reasonable time after service") and (e) (defining filing with the court as filing with the clerk of court, except as a judge may permit them to be filed with such judge).

[3] Docket No. 65.

On May 11, 2005, Plaintiff filed his Memorandum in Opposition to the Motion to Strike on the grounds that the Objection/Motion was never filed.  Plaintiff also sought attorney fees and costs incurred in responding to the Motion to Strike.

The Court finds that the Objection and Motion was never properly filed.  Therefore, the Court finds that the Motion to Strike is moot.

Addressing the respective requests for sanctions, the Court notes that neither party supported its request with any citation to authority.  The Court assumes that the requests for attorney fees are pursuant to § 1927.[4]  The requests could not be pursuant to Rule 11 because they were not "made separately from other motions or requests."[5]

Section 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney fees reasonably incurred because of such conduct."  In the *Braley,*[6] case the Tenth Circuit articulated the standard for imposing costs and attorney fees personally against an attorney under §1927,[7] recognizing that the standard should be interpreted so that it "in no way will dampen the legitimate zeal of an attorney in representing his client."[8]

---

[4] 28 U.S.C. § 1927.

[5] Fed.R.Civ.P. 11(c)(1)(A).

[6] *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987).

[7] *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1988).

[8] *Braley*, at 1532 (quoting House Conference report on amendment allowing for assessment of attorney fees under §1927).

> [C]onduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court, warrants the imposition of excess costs, expenses, or attorney's fees personally against the attorney responsible for unreasonably multiplying the proceedings.[9]
>
> Sanctions are appropriate, then, when an attorney is cavalier or "bent on misleading the court," intentionally acts without a plausible basis, when the entire course of the proceedings was unwarranted, or when certain discovery is substantially unjustified and interposed for the improper purposes of harassment, unnecessary delay and to increase the costs of the litigation, Because § 1927 is penal in nature, "the award should be made 'only in instances evidencing serious and standard disregard for the orderly process of justice.' "[10]

The Court finds that neither side has shown that the conduct of the other meets this standard. An attorney does not act cavalierly, mislead the court, or intentionally act without a plausible basis if he files a response to, or a motion to strike, a motion or other document that was served upon that attorney as if it had been filed. In other words, one party's failure to properly file its motion does not make it sanctionable for the opposing party to properly file its response.

Similarly, while the failure to comply with local rules regarding content of motions may result in sanctions, such sanctions are not warranted where the motion was not actually filed. Further, the lesser sanctions provided by the rule, such as requiring the motion to be resubmitted, or denial of the motion,[11] will ordinarily be effective and therefore attorney fees are seldom warranted for such infractions.

---

[9] *Miera, at 1342* (quoting *Braley*, at 1512).

[10] *Id.* (quoting *White v. American Airlines, Inc.*, 915 F.2d 1414, 1427 (10th Cir.1990))(other internal quotations omitted).

[11] D.U.Civ.R. 7-1(a).

4

The Court notes that Plaintiff also has a pending request for attorney fees in connection with the Defendants' Motion for dismissal of the individual Defendants.[12] That Motion was granted and the individual Defendants were dismissed on August 15, 2005. Where the Motion was granted the Court finds no grounds for imposition of fees and costs against the movant. It is therefore

ORDERED, that Plaintiff's Request for Fees and Costs (Docket No. 68) is DENIED. It is further

ORDERED that Defendants' Motion to Strike Plaintiff's Objection to Orders (Docket No. 64) is DENIED as MOOT. It is further

ORDERED that Defendants' Motion for Sanctions (Docket No. 64) is DENIED. It is further

ORDERED that Plaintiff's Request for Attorney Fees and Costs (Docket No. 66) is DENIED.

DATED February 24, 2006.

                                                      BY THE COURT:

                                                      _____
                                                      TED STEWART
                                                      United States District Judge

---

[12] Docket No. 68.